IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

**Plaintiff,**

v.

ALEXIS RODRÍGUEZ-RODRÍGUEZ [8],

**Defendant.**

**Criminal No.** 07-290 (FAB)

## OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Alexis Rodríguez-Rodríguez ("Rodríguez")'s motion to reduce his sentence pursuant to section 404 of the First Step Act, Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5222 (2018).[1] (Docket No. 5031.) For the reasons set forth below, the motion is **DENIED**.

## I.   Background

Rodríguez was indicted on July 24, 2007, alongside 94 other defendants, for conspiracy to possess with the intent to distribute, within a protected location, one kilogram or more of heroin, 50 grams or more of cocaine base ("crack cocaine"), five kilograms or more of cocaine, and 1,000 kilograms or more of

---

[1] Rodríguez also states he brings the application in the alternative pursuant to the compassionate release statute, 18 U.S.C. § 3182(c)(1)(A)(i). (Docket No. 5031 at p. 1.) Because he does not further address this statute in any of his motions, however, the Court will not address it either. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).

marijuana in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860. (Docket No. 2.)   Rodríguez was also charged with aiding and abetting the use or the carrying of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. §§ 924(c)(1) and 2.   (Docket No. 2 at pp. 24–26.)

Rodríguez proceeded to trial and the jury found him guilty on both counts.  (Docket No. 2914.)   The probation office prepared a presentence investigation report ("PSR") to calculate his sentence for count one pursuant to statute and the guidelines, applying the 2009 edition of the United States Sentencing Guidelines Manual. (Docket No. 3037 at p. 20.)   Count two had no guidelines calculation because it carries a minimum consecutive term of five-years imprisonment.   Id.   The PSR stated that the evidence presented at trial established that the drug trafficking organization of which Rodríguez was determined to be a leader distributed "not less than 182.5 kilograms of heroin; 136.6 kilograms of 'crack' cocaine; 182 kilograms of cocaine; and 136 kilograms of marijuana per year."  Id. Converting the quantities of all controlled substances into the equivalent quantity of marijuana, as then required by guidelines sections 2D1.1(c) and 2D1.2, resulted in more than 30,000 kilograms of marijuana, an amount which, "as a leader for the drug trafficking organization," he could have reasonably foreseen.   Id. at pp. 20–21.  Based on

these two conclusions, his base offense level was calculated at 38.
Id. at p. 21.  Because the offense was committed within a protected
location, that is, in public housing, the base offense level was
increased by two-levels pursuant to guidelines section
2D1.2(a)(2).  Id.  Because Rodríguez acted as a leader within the
conspiracy, the PSR added a four-level increase to the base offense
level pursuant to guidelines section 3B1.1(a).  Id.  The resulting
total offense level was thus 43, because 43 is the maximum offense
level pursuant to the guidelines sentencing table.  Id. at n.1.
Rodríguez had no criminal history, and his criminal history
category was I.  Id.  The statutory minimum for count one at the
time was 10 years in prison, with a maximum of life imprisonment.
Id. at p. 24.  The guidelines range was life imprisonment.  Id.
Notably, the PSR suggested that a variance of the guidelines range
may be warranted in order to avoid sentencing disparities among
defendants with similar records, referencing other members of the
conspiracy with higher hierarchical positions that "benefitted
from sentences of 180 months."  Id. at p. 27.

Rodríguez was sentenced on June 28, 2010.  (Docket No. 4050.)
At sentencing, the Court found that the amount of drugs involved
matched that stated in the PSR, namely "182.5 kilograms of heroin,
136.6 kilograms of crack cocaine, 182 kilograms of cocaine, [and]
136 kilograms of marijuana," and thus the base offense level

was 38.  (Docket No. 4050 at p. 60.)  Applying the two-level increase for protected location and a three-level increase for acting as a supervisor, the total offense level was 43, which carried a guidelines range of life in prison.  Id. at pp. 60—61.

In considering the sentencing factors laid out in 18 U.S.C. § 3553(a), the Court noted that Rodríguez was 30 years old, had an eleventh-grade education, had strong family ties in the district and no known previous convictions, and that other members of the conspiracy with higher hierarchical positions benefited from lower sentences pursuant to their plea agreements.  Id. at p. 61.  The Court also considered that Rodríguez had not accepted responsibility for the offense, as the other defendants had done. Id. at p. 62.  The Court determined that a sentence of 240 months would avoid unwarranted disparities among similarly situated defendants while still providing adequate deterrence to criminal conduct and providing correctional treatment to Rodríguez.  Id.

Rodríguez appealed his conviction and sentence, arguing among other things that the sentencing court improperly attributed the conspiracy-wide drug quantities to him.  See United States v. Acosta-Colón, 741 F.3d 179, 204-05 (1st Cir. 2013).  The First Circuit Court of Appeals held, however, that the sentencing judge had made particularized findings as to Rodríguez and did not commit

clear error when he found that the amounts of drugs were reasonably
foreseeable.  Id.

Rodríguez now moves to reduce his sentence pursuant to
section 404 of the First Step Act of 2018, which altered the
sentencing structure for offenses involving the sale of crack
cocaine.  (Docket No. 5031.)  The government opposes the motion,
arguing that even pursuant to the changes in the law, Rodríguez's
guidelines range is still life imprisonment and, considering the
sentencing factors, his sentence should not be reduced.  (Docket
Nos. 5037 and 5151.)

## II.  Legal Standard

In 2010, Congress enacted the Fair Sentencing Act to raise
the quantities of crack cocaine required to trigger mandatory
minimum sentences.  See Fair Sentencing Act of 2010, Pub. L.
No. 111-220, 124 Stat. 2372 (2010).  Section 2 of the act changed
the penalty scheme for crack cocaine offenses as follows:

- the amount of crack cocaine required to trigger a five-year
  mandatory minimum sentence was increased from 5 grams to 28
  grams, 21 U.S.C. § 841(b)(1)(B)(iii); and

- the amount of crack cocaine required to trigger a ten-year
  mandatory minimum sentence was increased from 50 to 280 grams,
  21 U.S.C. § 841(b)(1)(A)(iii).

Id. at 2372.  Section 3 eliminated the mandatory minimum sentence
for simple possession of crack cocaine.  Id.

The Fair Sentencing Act did not apply retroactively, however, to defendants sentenced prior to August 2010.  See Dorsey v. United States, 567 U.S. 260, 264 (2012).  To reach defendants sentenced before this date, Congress enacted the First Step Act in 2018, which allowed inmates to apply to a court for a sentence reduction if their offenses carried the statutory penalties which were modified by sections 2 or 3 of the Fair Sentencing Act of 2010. See First Step Act of 2018, Pub. L. 115-391, § 404, 132 Stat. 5194, 5222 (2018).  The court could thus reduce the sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed."  Id. at § 404(b).

Courts are not mandated, however, to reduce any sentence. Id. at § 404(c) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). The Supreme Court clarified in Concepción v. United States that courts have complete discretion to consider any intervening changes of fact or law between the original sentencing and the present application, apart from constraints established by Congress or the Constitution.[2]  142 S. Ct. 2389, 2396 (2022).

---

[2] This decision was issued while Rodriguez's motion was pending.  See Docket Nos. 5092 and 5143.

### III. Discussion

Rodríguez argues that his sentence should be reduced because, based on the changes in the First Step Act, the 136.6 kilograms of crack cocaine attributed to him at sentencing by the judge now triggers a higher mandatory minimum than the 50 grams the jury found, and thus violates his Sixth Amendment right, citing to Alleyne v. United States, 131 S.Ct. 2151 (2013). (Docket No. 5031 at p. 14—15.) He argues therefore that the only amount that can be used to determine his base offense level is 50 grams, which would result in a new guideline sentence of 87-108 months. Id.; Docket No. 5040 at p. 7.

The government argues that Rodríguez's premises are both false; first, the drug amounts attributed to him at sentencing were affirmed by the First Circuit Court of Appeals on direct appeal, and second, Alleyne is not applicable because his conviction complied with Alleyne at the time he was sentenced. (Docket No. 5037 at p. 5—7.) Using the quantity of drugs attributed to him at his original sentencing, therefore, the updated guideline range would be exactly the same under the current guidelines as it was in 2010, life imprisonment. (Docket No. 5102 at pp. 3—4; Docket No. 5151 at pp. 3—4.) The Court should therefore not exercise its discretion to reduce his sentence because his sentence of 240 months for count one was already a downward

variance from the guideline range (life imprisonment) and serves the purposes of sentencing.  (Docket No. 5037 at p. 7; Docket No. 5042 at p. 3; Docket No. 5102 at p. 4.)

After Concepción clarified that courts may consider all changes since the original sentencing, Rodríguez supplemented his motion with his education report from the Bureau of Prisons showing that he has completed a myriad of classes while incarcerated. (Docket No. 5104.)  The government notes that Rodríguez had a disciplinary infraction in 2016 and in 2010.  (Docket No. 5151 at p. 4.)

   **A.  Eligibility Pursuant to the First Step Act**

Rodríguez is eligible to be considered for a sentence reduction pursuant to section 404 of the First Step Act because the statutory penalty for violating 21 U.S.C. § 841(a)(1), which was part of count one of his indictment and conviction, was altered by Section 2 of the Fair Sentencing Act.  See United States v. Stanback, 377 F. Supp. 3d 618, 622 (W.D. Va. 2019) ("Offenses qualify for the reduction if they were committed before August 3, 2010 and carry the statutory penalties which were modified by section 2 or 3 of the Fair Sentencing Act of 2010."); Docket No. 3386.  If the changed law had been in place at the time he committed the offense, Rodríguez would be subjected to a mandatory minimum of five years instead of ten, and a maximum imprisonment

of 40 years instead of life in prison, based on the 50 grams charged in the indictment and found by the jury. See Fair Sentencing Act of 2010 at 2372.

     **B.    Reduction of Sentence at the Court's Discretion**

           **1.   New Guideline Range**

At this second step, the Court determines a guideline range to assist it in determining if it will impose a lesser sentence. See Concepción, 142 S. Ct. at 2402 n.6 ("[T]he First Step Act directs district courts to calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense. That Guidelines range 'anchor[s]' the sentencing proceeding.") (quoting Peugh v. United States, 569 U.S. 530, 541 (2013)). The issue, as the government points out, is that in examining whether Rodríguez's sentence should be reduced, the new guideline range, which is based on the amount of crack cocaine attributed to him at his original sentencing, is still life imprisonment. See U.S. Sentencing Guidelines Manual § 2D1.1(c)(1) (U.S. Sentencing Comm'n 2021) (Drug Quantity Table stating that 25.2 Kg or more of [crack] cocaine corresponds to base offense level 38); Id. at Ch. 5, Pt. A (showing that a total offense level of 43 corresponds with a guideline range of life imprisonment for every criminal history category).

Rodríguez attempts to dispute that the guideline range should be calculated using the quantity of crack cocaine found by the sentencing judge, but none of the cases he cites supports this conclusion. See Docket No. 5031 at pp. 14—15; Docket No. 5092 at pp. 5—6. Rodríguez's Alleyne argument seems to be, essentially, that 50 grams of crack cocaine no longer qualifies him for a mandatory minimum of ten years, but the sentencing judge's finding of 136.6 kilograms would, that using the amount found by the sentencing court violates his Sixth Amendment rights, and therefore only the 50 grams found by the jury can be used to calculate his new guideline range. See Docket No. 5031 at p. 15; Docket No. 5040 at p. 7. The problem with this argument is that the First Circuit Court of Appeals has previously "flatly reject[ed] the proposition that all drug quantity calculations made under the advisory Guidelines must be submitted to a jury . . . . [A]bsent the imposition of a mandatory minimum sentence, there is [no] Alleyne error here." United States v. Ramírez-Negrón, 751 F.3d 42, 49 (1st Cir. 2014). While the statutory mandatory minimum to which Rodríguez would be subjected pursuant to section 841(a)(1) has certainly been reduced, Rodríguez was sentenced according to the guidelines and not the mandatory minimum. See Docket No. 4050 at 59—61. As in Ramírez-Negrón, the sentencing judge did not reference the mandatory

minimum at all; he used the sentencing guidelines range, which in fact had no minimum but was simply and starkly life imprisonment. See Ramírez-Negrón, 751 F.3d at 50 (finding no Allyene error because "[t]he record provides no evidence that the district court made any findings to trigger a 10-year mandatory minimum; rather, it shows that the court imposed a Guidelines sentence."); see also United States v. Miedzianowski, 60 F.4th 1051, 1057 (7th Cir. 2023) (explaining that as the guidelines are not mandatory, they do not implicate Alleyne and therefore "the judge reviewing his First Step Act motion was entitled to adopt [the sentencing court's] findings.").

The district court cases Rodríguez cites to show that drug quantities determined at original sentencing should not be used to calculate the new guideline range contradict his point. See, e.g. United States v. Rosado, Criminal No. 05-40011-FDS, 2020 WL 2490024, *4 (D. Mass. May 14, 2020) (applying the drug quantity from the PSR, 77.1 grams, to calculate the new base offense level, not the 5 grams from the indictment); Stanback, 377 F. Supp. 3d at 621 (calculating a new guideline range using base offense level 32, which corresponds with the 1.5 kilograms attributed at sentencing); United States v. Allen, 384 F. Supp. 3d 238, 243 n.6 (D. Conn. 2019) (calculating a new guideline range based on the 675 grams found at original sentencing). These cases demonstrate

only that *eligibility* for re-sentencing pursuant to the First Step
Act, which all parties agree uses the quantity of drugs from the
indictment, guilty plea, or conviction, is only the preliminary
step before the court's subsequent exercise of discretion to impose
a new sentence.  See Miedzianowski, 60 F.4th at 1055.

### 2.   Consideration of All Factors

Rodríguez has presented evidence of rehabilitation
through his pursuit of education while in prison, and his
disciplinary record of only two infractions in more than 13 years
speaks in his favor.  See Docket No. 5104-1; Docket No. 5151 at
p. 4.  Considering, however, that his sentence on count one of 240
months is still a significant downward variance from the current
guideline range of life imprisonment, and that the original
sentence took into account the sentences of other leaders of the
conspiracy who entered into plea agreements, the Court will not
exercise its discretion to reduce Rodríguez's sentence.  See 18
U.S.C. § 3553(a); Docket No. 4050 at pp. 60—62.

## IV.  Conclusion

For the reasons set forth above, Rodríguez's motion to reduce
his sentence is **DENIED**.  (Docket No. 5031.)

Criminal No. 07-290 (FAB)                                                13

**IT IS SO ORDERED.**

San Juan, Puerto Rico, August 14, 2023.

                              s/ Francisco A. Besosa
                              FRANCISCO A. BESOSA
                              SENIOR UNITED STATES DISTRICT JUDGE